# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

THE STATE OF DELAWARE, UPON
THE RELATION OF THE SECRETARY
OF THE DEPARTMENT OF
TRANSPORTATION,

        Plaintiff,

        v.

MELPAR, LLC, 1,7761995 SQUARE
FEET (0.0408 ACRES) OF LAND,
711.9788 SQUARE FEE (0.0163 ACRES)
OF LAND, 3,598.7712 SQUARE FEET
(0.0826 ACRES) PART OF TAX MAP
AND PARCEL NUMBER
234-23.00-269.14 SITUATE IN INDIAN
RIVER HUNDRED, and DASH-IN
FOOD STORES, INC.

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No.: S21C-03-017 FJJ

Submitted: January 4, 2022
Decided: January 10, 2022

## ORDER ON DEFENDANTS' MOTION TO CERTIFY A INTERLOCUTORY APPEAL - DENIED

*Brady Eaby, Esquire, Deputy Attorney General,* Department of Justice, Wilmington, Delaware. Attorney for the State of Delaware,

*Richard A. Forsten, Esquire,* Saul, Ewing, Arnstein & Lehr, LLP, Wilmington, Delaware. Attorney for Defendant Dash In Food Services, Inc.

*Richard L. Abbott, Esquire,* Abbott Law Firm, Hockessin, Delaware. Attorney for Defendant Melpar, LLC.

**Jones, J.**

The instant matter is a condemnation action. The State seeks to take a portion of the Defendant's property ("Melpar, LLC") which is located at the intersection of John Williams Highway and Long Neck Road in Sussex County, Delaware. At the present time the use of the property is as a "Dash In" convenience store. The State seeks to limit the egress and ingress to and from the property from Long Neck Road. Under the taking, traffic leaving the Dash In could only turn right onto Long Neck Road northbound. Similarly access to the property from Long Neck Road could only be done by traffic traveling northbound on Long Neck Road. The stated necessity for the project, that has not been seriously challenged in this litigation, is safety. On December 9, 2021 the Court entered an Order granting the State's Motion for Possession, Denying Melpar's Motion to Dismiss and a related Motion for an Evidentiary Hearing. A number of arguments were raised by Melpar, but the dispute boiled down to one central issue. The central issue is whether the State was required as a matter of law to utilize the Before and After method of appraisal in this partial taking or could the State rely upon a strip method form of appraisal under the facts as presented. In a December 9, 2021 Opinion and Order this Court determined that Delaware Law does not require the utilization of a Before and After appraisal methodology and the question of which appraisal methodology was appropriate under the instant set of facts would be determined as part of the compensation phase of the proceedings.

Melpar filed a Motion for Reargument of the Court's December 9, 2021 Opinion and Order which has been DENIED.

Melpar has filed the instant Motion for Certification of an Interlocutory Appeal to the Delaware Supreme Court. According to Melpar "it is a virtual lead pipe cinch" that the Interlocutory Appeal of an Order of Possession will be accepted by the Delaware Supreme Court. Despite this lead pipe cinch this Court is still required to follow the requirements of Supreme Court Rule 42 which it will now do.

The determination of whether to certify an interlocutory appeal lies within the discretion of the Court and is analyzed under the criteria set forth in Supreme Court Rule 42(b). Rule 42(b)(1) states: "No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before final judgment." Rule 42(b)(ii) admonishes: "Interlocutory appeals should be exceptions, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources. Therefore, parties should only ask for the right to seek interlocutory review if they believe in good faith that there are substantial benefits that will outweigh the certain costs that accompany interlocutory appeal."

Assuming the gating requirement of Rule 42(b)(i) has been satisfied, an application also must meet one or more of the eight factors set forth in Rule 42(b)(iii).

Rule 42(b)(iii) counsels: "After considering these factors and its own assessment of the most efficient and just schedule to resolve the case, the trial court should identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interest of justice. If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."

The Court finds that the December 9, 2021 Opinion and Order does decide a substantial issue of material importance, but does not conclude that an appellate review before final judgment is necessary. The Court now turns to the eight criteria under Rule 42(b)(iii).

The Court starts with the four criteria relied upon by Melpar which is Rule 42(b)(iii) (B), (C), (G) and (H). Melpar maintains that the Court's decision conflicts with prior Delaware precedent[1] and deals with construction of the constitution or statute that has not been dealt with previously.[2] In its December 9, 2021 decision this Court analyzed prior Delaware cases on the question of the requirement of the use of a Before and After Appraisal in a partial taking case and concluded that such an appraisal methodology was not required in every such partial taking. The Court does not see the conflict as does Melpar. Moreover, it is this Court's view that the issue underlying this case has been dealt with previously by both this Court and the

---

[1] Rule 42(b)(iii)(B).
[2] Rule 42(b)(iii)(C).

Delaware Supreme Court. The Court finds that these two grounds do not favor the grant of an appeal at this point.

Melpar maintains that a review of the Court's Order may terminate the litigation.[3] The Court does not agree. If the Supreme Court were to grant review and reverse the trial Court's decision the instant complaint would be dismissed but the matter would continue to proceed. The State will obtain a new appraisal based on the Before and After methodology and parties will again go through the required processes as set forth by the various condemnation statutes. The taking of this small piece of the property is going to occur. Public safety requires that it be done. The parties are eventually going to end up at the same place where we are today. Namely in a dispute over the compensation due to the property owner for the taking. The State would be forced to begin from square one to have a Before and After appraisal completed. The State has already committed to having a Before and After appraisal done at this point. In this Court's view, acceptance of this appeal would prolong the litigation and delay dealing with a safety issue on our roadways in an ever expanding area of our state. The Court gives no weight to Melpar's argument that the State might be forced to take apart its roadway alterations if it were to start construction and the Supreme Court finds for Melpar. Again, there is no doubt that this highway safety project is going to proceed. The question is at what price to the State for this specific piece of this property. This factor does not justify an immediate appeal.

---

[3] Rule 42(b)(iii)(G).

Melpar also argues that review of the interlocutory order may serve the interests of justice.[4] According to Melpar the continued litigation of this action to a final judgment would lead to waste of party and judicial resources if a regular appeal ultimately results in a dismissal of this action. This Court does not agree. This Court finds that the most practical approach to get to the final result, which in this case will be determination of the proper amount of compensation due to Melpar would be for this case to proceed to the compensation phase now. This factor also does not favor an immediate appeal.

The Court has considered the remaining criteria cited in Rule 42(b)(iii) not cited directly by Melpar. Likewise, they do not support certification. After considering Melpar's arguments, this Court finds no benefit to certification that could outweigh the costs of piecemeal litigation.

Wherefore, Defendant's Application for Certification of an Interlocutory Appeal is DENIED.

**IT IS SO ORDERED.**

_/s/ Francis J. Jones, Jr._
Francis J. Jones, Jr., Judge

cc: File&ServeXpress

---

[4] Rule 42(b)(iii)(H).

6